## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Rev. Augustus G. Miantona, Sr., | Case No. 19-cv-98 (DSD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Wal-Mart Stores, Inc. and Steve Pawlawsky, | |
| Defendants. | |

On January 14, 2019, Plaintiff filed his Complaint in this matter. (ECF No. 1). As of April 23, 2019, the record did not indicate that service of the summons and Complaint on Defendant had been effected, so this Court issued an Order to Show Cause directing Plaintiff to "show cause *in writing* within 30 days as to why his claims should not be dismissed against Defendant for non-compliance with Federal Rule of Civil Procedure 4." (ECF No. 6). Plaintiff was also warned that "[f]ailure to comply . . . may result in dismissal of this action for failure to prosecute." (ECF No. 6).

Plaintiff responded to the Court's Order to Show Cause on May 20, 2019. (ECF No. 7). He stated because of his status as a pro se litigant, he was not aware that he needed to serve Defendants with the summons and complaint. He further stated that he had experienced some delay in obtaining certain documents related to this case. On May 22, 2019, the Court granted Plaintiff an additional 30 days to effect service. (ECF No. 8). As of the date of this Report and Recommendation, Plaintiff has failed to serve Defendants as required by the Court's May 22 Order. He also has not requested additional time to serve Defendants.

1

A dismissal for want of prosecution is part of a court's "inherent power to control its docket." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Unless otherwise stated, a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984); *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008). The Eighth Circuit has stressed the importance of the sanction's proportionality to the conduct at issue. *Smith*, 526 F.3d at 405. "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (quoting *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997)).

In this case, Plaintiff has failed to prosecute. Despite having an additional 30 days to effect service, Plaintiff has failed to provide any information to the Court showing that Defendant has been served pursuant to Federal Rule of Civil Procedure 4. Nor is there any

other indication in the record that Defendant has been served. Given Plaintiff's failure to comply with Rule 4(m) and the Court's subsequent orders, the Court concludes dismissal for failure to prosecute is warranted.

Now, the Court must determine how that dismissal is put into effect. *Hunt*, 203 F.3d at 527. The Court concludes, given Plaintiff's pro se status, that dismissal without prejudice is appropriate. Dismissal without prejudice appropriately balances this Court's need for efficient and effective docket control with Plaintiffs' access to justice. *Id.*; *see Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (noting purpose of imposing sanctions is to deter future offensive conduct by the responsible individual and others). Plaintiff is warned that given the Court's recommendation in this matter, dismissals of future cases filed by Plaintiff may well justify dismissal with prejudice.

Therefore, based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint, (ECF No. 1), be **DISMISSED WITHOUT PREJUDICE**.

Date: June 28, 2019                     *s/ Tony N. Leung*
                                        Tony N. Leung
                                        United States Magistrate Judge
                                        District of Minnesota

                                        *Miantona, Sr. v. Wal-Mart Stores, Inc. et al.*

                                        Case No. 19-cv-98 (DSD/TNL)